IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBINSON TORRES | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 12-2358 |
| PRIME CARE MED, INC., et al. | : | |

**MEMORANDUM**

Ludwig, J.                                                                                       September 21st, 2012

This is a prisoner civil rights case. 42 U.S.C. § 1983. Jurisdiction is federal question. 28 U.S.C. § 1331. Plaintiff Robinson Torres, *pro se*, an inmate at Northampton County Prison, filed a complaint alleging that defendants violated his Eighth Amendment rights by providing inadequate medical care for an infection and not placing plaintiff in isolation following diagnosis of the infection. Defendants[1] move for dismissal under Fed. R. Civ P. 12(b)(6). The motion will be granted.[2]

According to the complaint, on April 4, 2012, plaintiff advised

---

[1] Defendants are Northampton County and Warden Todd L. Buskirk, and Dr. Victoria Gessner, Jennifer Mroz and PrimeCare Medical, Inc. PrimeCare is an outside company retained by Northampton County to provide medical care to inmates. Defendants' memorandum, p.2 (docket no. 21).

[2] In deciding a motion to dismiss, a court must accept "all well-pleaded allegations in the complaint as true and draw all reasonable inferences" in a light most favorable to the non-moving party. Birdman v. Office of the Governor, 677 F.3d 167, 171 (3d Cir. 2012). In order to survive a motion, a complaint must provide fair notice to the defendant of what the claim is and the grounds upon which it rests, and must contain sufficient factual matter to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007).

PrimeCare staff that he had what he believed to be a staph infection on his face.  Complaint, at 2.  Dr. Gessner examined plaintiff, treated him with antibiotics, and returned him to his cell rather than isolating him.  Id.; response to grievance, Exhibit B to complaint.[3]  The complaint alleges that plaintiff contracted MRSA because he was not isolated, and the failure to isolate him constituted deliberate indifference to his serious medical condition.  Complaint, at 2.  On April 6, 2012, plaintiff reported that the infection was worse and was taken by prison staff for further examination and treatment.  He was examined, his antibiotics were increased, and he was isolated at that time.  Complaint, p.2; Exhibit B to complaint.  The complaint alleges that plaintiff's treatment constituted medical malpractice and a violation of his Eighth Amendment rights, and negligent hiring on the part of the prison.

In order to state an Eighth Amendment claim for inadequate medical care, plaintiff "must point to evidence that demonstrates both (1) a serious medical need, and (2) acts or omissions by prison officials that indicate deliberate indifference to that need."  Walker v. Walsh, 2012 WL 314883, at *2 (M.D. Pa., filed Feb. 1, 2012), citing Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).  As to prison officials, deliberate indifference requires "a

---

[3] The Grievance Form and response are attached to the complaint.

showing that the official was subjectively aware" of an excessive risk to plaintiff's health and safety, and disregarded that risk. <u>Farmer v. Brennan</u>, 511 U.S. 825, 829 (1994). As to the liability of prison doctors and medical personnel, "[n]either negligent treatment nor the mere disagreement as to the proper course of treatment is sufficient to establish a constitutional violation." <u>Walker</u>, 2012 WL 314883, at *2, citing <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976). "While deliberate indifference may be demonstrated by an intentional denial or delay of medical care, where a prisoner has received some medical care and alleges mistreatment because of a dispute over the adequacy of that care, the courts should be 'reluctant to second guess medical judgments and to constituionalize claims which sound in state tort law.'" <u>Warren v. Boggio</u>, 2012 WL 3114691, at *4 (E.D. Pa., filed Jul. 31, 2012), quoting <u>United States ex rel. Walker v. Fayette Cty.</u>, 599 F.2d 573, 575 n.2 (3d Cir. 1979).

Here, the allegations in the complaint and its attachments establish that plaintiff received prompt medical care upon request: he was treated with antibiotics upon presenting with a staph infection. Two days later, when he complained that the treatment was not working, the dose was increased and he was isolated and checked daily until he recovered. The gist of his complaint - that he was not immediately isolated from the general

prison population - represents plaintiff's disagreement with the course of treatment pursued by medical professionals and, as such, it is not a basis for an Eighth Amendment claim. Accordingly, his complaint must be dismissed.

BY THE COURT:

/s/Edmund V. Ludwig
Edmund V. Ludwig, J.